IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                     Plaintiff,                     ORDER

v.

                                                       20-cr-148-wmc

TIMOTHY THOMAS,

                     Defendant.
_____

On January 28, 2021, the court received the competency evaluation for defendant Timothy Thomas, prepared by Dr. Nancy A. Elliott, Ph.D. *See* dkt. 11 (sealed). In her report, Dr. Elliott opines that Thomas suffers from the active manifestation of serious mental illness that renders unable to understand these proceedings and unable to assist his attorney. *Id.* at 9. Dr. Elliott opines that Thomas may be restored to competency with effective management of his symptoms, which likely will involve medication. *Id.*. At a February 3, 2021 telephonic conference, both sides agreed with Dr. Elliott's evaluation and recommendation. As a result, pursuant to 18 U.S.C. § 4241(d), I find from the uncontested evidence that Thomas suffers from a mental disease rendering him mentally incompetent to the extent that he is unable to understand the proceedings against him and he is unable to assist properly in his defense.

ORDER

Pursuant to 18 U.S.C. § 4241(d), It is ORDERED that:

1) Defendant Timothy Thomas is committed to the custody of the Attorney General to be hospitalized for treatment in a suitable facility for up to four months from the date of his arrival at the facility, to determine whether there is a substantial probability that in the foreseeable future Thomas will attain the capacity to permit this prosecution to proceed;

2) The treating facility promptly shall file a certificate of competency pursuant to 18 U.S.C. § 4241(e) if Thomas attains the capacity to permit his trial to proceed prior to the conclusion of his four months of hospitalization;

3) The treating facility shall file its § 4241(d)(1) report with the court not later than ten calendar days before the conclusion of Thomas's four-month hospitalization so that the court may determine whether additional hospitalization under § 4241(d)(2) is necessary; and

4) Time continues to be excluded from computation on the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(4).

Entered this 4th day of February, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge