IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.   Case No.: 20-cr-148-wmc

TIMOTHY THOMAS,

Defendant.

**PLEA AGREEMENT**

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to the one-count indictment in this case. This count charges a violation of Title 18, United States Code, Section 1992(a)(6), which carries maximum penalties of 20 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On November 7, 2020, a deputy from the Monroe County Sheriff's Office responded to a report of an Amtrak passenger brandishing an eight-inch knife. While en route, officers received information that the train had stopped near the intersection of US-12 and Hudson Road in Oakdale, Monroe County, Wisconsin. The subject, later identified as the defendant Timothy Thomas, got off of the train and was attempting to force his way into one of the locomotives.

When officers arrived on scene, they observed the defendant walking away from the tracks. They detained the defendant, frisked him for weapons, and found a white-handled knife concealed in his right pant leg.

Once law enforcement detained the defendant, the train continued on its way. Officers eventually stopped it again in La Crosse, Wisconsin and interviewed two passengers, the conductor, and an engineer. The passengers both explained that the defendant started threatening people around the Wisconsin Dells area. One passenger said that the defendant was talking loudly, banging on his belongings, and threatening to "kill people." Another passenger told investigators that the defendant refused to wear his mask and coughed on passengers.

The conductor told investigators that when she approached the defendant to discuss his conduct, he pulled a white-handled fixed blade knife from his pant leg and brandished it over his head in a threatening manner.

Investigators also interviewed the train's engineer who said he stopped the train, which was traveling from Chicago, Illinois to Winona, Minnesota, after receiving a radio transmission from the conductor about an individual brandishing a knife. The engineer saw the defendant exit the train, climb onto a locomotive, and attempt to force his way into the cabin.

The defendant acknowledges that Monroe County is in the Western District of Wisconsin and that Amtrack is a railroad carrier that was engaged in interstate and foreign commerce at the time of the offense.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before February 11, 2022.

8. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

9. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

10. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has

read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

11. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

02/20/2022
Date

By: _____
CHADWICK M. ELGERSMA
Assistant United States Attorney

2-18-2022
Date

_____
PETER MOYERS
Attorney for the Defendant

2/18/2022
Date

_____
TIMOTHY THOMAS
Defendant

4

## ACKNOWLEDGEMENTS

I, TIMOTHY THOMAS, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

2/18/2022
Date

TIMOTHY THOMAS
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2/18/2022
Date

PETER MOYERS
Attorney for Defendant

5